Opinion by Oliver, P. J. At the trial it was agreed that the bags in question are made of sea grass in its natural state. The claim at 25 percent under paragraph 1537 was therefore sustained.

**No. 46376.**—Protest 985357–G of American Import Co. (Los Angeles).

Opinion by Oliver, P. J. At the trial it was conceded that the bells in question are similar to those involved in *Kresge* v. *United States* (25 C. C. P. A. 1, T. D. 48975). On the undisputed facts and following the cited case the court held the merchandise invoiced as "Silver Bells with Snow" dutiable at 45 percent under paragraph 397 as claimed.

**No. 46377.**—Protest 43766–K of M. Pressner & Co. (New York).

Opinion by Oliver, P. J. In accordance with stipulation of counsel that the articles in question are similar in all material respects to those the subject of Abstract 44028 the so-called jump sticks or trick paddles were held dutiable at 33⅓ percent under paragraph 412 as claimed.

**No. 46378.**—Protest 967566–G of Wm. Shaland (New York).

Opinion by Oliver, P. J. In accordance with stipulation of counsel that the articles in question are similar in all material respects to those the subject of Abstract 44028 the so-called jump sticks or trick paddles were held dutiable at 33⅓ percent under paragraph 412 as claimed.

**No. 46379.**—Protests 963367–G, etc., of Iwai & Co., Ltd. (New York).

Opinion by Oliver, P. J. It was stipulated that the cellulose sheets in question are similar to those the subject of *United States* v. *Iwai* (29 C. C. P. A. 60, C. A. D. 171). They were therefore found to be cellulose sheets, not transparent, and held dutiable at 40 cents per pound as claimed.

**No. 46380.**—Protest 54195–K of M. Pressner & Co. (New York).

Opinion by Oliver, P. J. In accordance with stipulation of counsel that the kazoos in question are composed in chief value of metal, not plated, the claim at 45 percent under paragraph 397 was sustained.

**No. 46381.**—Protests 921619–G, etc., of Guth Stern & Co., Inc., et al. (New York).

Opinion by Oliver, P. J. It was stipulated that the merchandise consists of atomizers and atomizers contained in toilet sets and that said atomizers are similar in all material respects to those passed upon in Abstract 44140. In

accordance therewith the claim at 60 percent under paragraph 218 (f) was sustained.

**No. 46382.**—Protests 723442–G, etc., of Saks & Co., Inc. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of atomizers and atomizers contained in toilet sets and that said atomizers are similar in all material respects to those passed upon in Abstract 44140. In accordance therewith the claim at 60 percent under paragraph 218 (f) was sustained.

**No. 46383.**—Protests 911124–G, etc., of Julius Niclas & Co. et al. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of atomizers ard atomizers contained in toilet sets and that said atomizers are similar in all material respects to those passed upon in Abstract 44140. In accordance therewith the claim at 60 percent under paragraph 218 (f) was therefore sustained.

**No. 46384.**—Protest 45653–K of Greenberg & Josefsberg (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the atomizers in question are composed in chief value of decorated glass, similar to those the subject of Abstract 44140, the claim at 60 percent under paragraph 218 (f) was sustained.

**No. 46385.**—Protests 849337–G, etc., of Strauss-Eckardt Co., Inc. (New York)·

Opinion by OLIVER, P. J. It was stipulated that the brushes in question are the same in all material respects as those the subject of Abstract 34593. The claim that they are dutiable as brushes, not specially provided for, at 50 percent under paragraph 1506 was therefore sustained.

**No. 46386.**—Protest 793730–G of G. A. Westphal & Co. (New York).

Opinion by OLIVER, P. J. It was stipulated that the fur animal figures are similar in all material respects to those the subject of Abstracts 30980 and 41823. The claim at 50 percent under paragraph 1519 was therefore sustained.

**No. 46387.**—Protest 616930–G of New York Merchandise Co., Inc. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the tennis rackets in question are similar to those the subject of *May* v. *United States* (T. D. 47760) and *Woolworth* v. *United States* (T. D. 48573) the claim at 30 percent under paragraph 1502 was sustained. Rubber mice in part of bamboo stipulated to be similar to those the subject of Abstract 40389 were held dutiable,